09-1900-TSH

I, Joseph F. Ross, being duly sworn, depose and state:

1. I am currently a Trooper in the Massachusetts State Police, assigned to the Federal Bureau of Investigation's Violent Crime Task Force located at One Center Plaza, Boston, MA. I graduated from the Massachusetts State Police Academy in September 1992. I have been a member of the Massachusetts State Police for the past sixteen years. I have been assigned to the Division of Investigative Services (DIS) for approximately twelve years. During that time I have been assigned to the Diversion Investigative Unit, The Boston Police Department's Major Case Unit, the FBI's Bulger Task Force, and currently with the FBI/Violent Crime Task Force. Throughout my tenure with FBI/Violent Crime Task Force I have participated in numerous bank robbery investigations.

2. I am aware that Title 18, United States Code, Section 2113(a), makes it a crime for anyone to use force and violence, or intimidation, to take from the person or presence of another, money belonging to or in the care, custody, control, management, or possession of any federally insured bank. I am also aware that Title 18, United States Code, Section 2113(d) makes it a crime to assault or put in jeopardy any person by the use of a dangerous weapon or device while taking money belonging to or in the care, custody, control, management, or possession of any federally insured bank. Having so said, I make this affidavit in support of an application for a criminal complaint for **Michael J. Peters**, DOB: \*\*/\*\*/1955, charging a violation of 18 United States Code Sections 2113(a) and (d).

1

**Sovereign Bank**
300 Andover Street
Peabody, Massachusetts

3. On Friday, September 18, 2009, at approximately 9:30 a.m., the Sovereign Bank, 300 Andover Street, Peabody, MA, was robbed by two, unknown white male subjects ("UNSUB#1" and "UNSUB#2"). Both men entered the bank while armed and masked and pointed their weapons at the tellers on duty. UNSUB#1 approached the counter and climbed over to the other side, while UNSUB#2 continued to point his weapon and keep watch. UNSUB#1 had two of the tellers empty their drawers of money under the threat of violence. Both tellers emptied their station drawers ($26,000.00 USC) into a gym bag held by UNSUB#1. Upon receipt of the currency UNSUB#1 climbed back over the counter, joined up with UNSUB#2 and both men exited the bank.

4. Once outside the bank both UNSUBS entered a motor vehicle, later identified as a black, 1999 Chrysler Sebring. During the subsequent investigation, a bank employee reported that she had noted the plate of the vehicle which the robbers entered and fled. The employee advised that the vehicle was bearing a Massachusetts' vehicle registration. She indicated that the first two numbers on the plate were "64." She also indicated that the last two numbers on the plate were "82." She also stated that there may have been an "L" in the middle.

5. A short while later a black, 1999 Chrysler Sebring bearing Massachusetts registration of **64LR82** was located in the parking lot of Brooksby Farms, 38 Felton Street, Peabody by a Massachusetts State Police K9 Trooper. It was determined that the

plate was registered to a brown Honda Accord and issued to Mohamed Boulafdam, 24 White Street, Apartment 2, East Boston.

6. A Registry of Motor Vehicle query of the Vehicle Identification Number revealed that the vehicle had been registered in 2003 to Margaret McNulty, DOB: xx/xx/1952, 700 Princeton St., Lowell. McNulty was contacted and she explained that she had previously traded the vehicle to Prime Auto Group, 783 Portland Road, Saco, Maine, as part of a new car transaction.

7. It was later determined that this same vehicle was sold by Prime Auto Sales at the Car Auction in Lynn, The vehicle was purchased by Arthur Dow, 87 Pearl Street, Woburn, DOB: xx/xx/1965, on the December 4, 2008. Dow purchased the vehicle under the dealer license of Richard Galante, of Galante Muffler and Brake ("Galante's"), Wilmington.

8. On Monday, September 21, 2009, investigators went to Galante's located at 685 Main Street, Wilmington, and spoke with Richard Galante, the owner of the automobile repair and sales business. Galante was unaware of any purchase of a 1999 Chrysler Sebring under his license. However, Galante was aware that Arthur Dow used his license to purchase vehicles. Galante contacted Dow.

9. Dow arrived at Galante's and told investigators that he had purchased the vehicle on the December 4, 2008. He stored the vehicle at Larry's Auto, 93 Lynn Street, Peabody, in the care of Richard Gentile, 23 Fulton Street, Medford. Dow also stated that Gentile had sold the vehicle the previous week to a person Dow was unwilling to identify at that time.

10. Dow suggested that he, along with investigators, drive to Larry's Auto Sales and speak with Gentile about the sale of the vehicle.

11. Dow traveled to Larry's Auto Sales as a passenger of Detective John Oliveira's. During the drive to the Peabody location, Dow told Detective Oliveira that Bryan LNU, a friend of Gentile, had purchased the vehicle the previous week. Olivieira showed Dow a surveillance image of the two UNSUBs in Sovereign Bank. Dow identified UNSUB#1 as being Bryan LNU.

12. When investigators arrived at Larry's Auto Sales, Detective Oliveira advised them of Dow's identification of UNSUB#1 as the same person that had purchased the vehicle on September 17, 2009.

13. Investigators then entered Larry's Auto Sales and spoke with Richard Gentile. Gentile was initially reluctant to divulge the identity of the person who purchased the vehicle, but subsequently told investigators that on Thursday, September 17, 2009, Bryan Febonio, 297 Meridian Street, East Boston, DOB: xx/xx/1968, an acquaintance of Gentile, inquired of Gentile about buying a car. Gentile agreed to sell Febonio the Sebring and was still awaiting payment. When Gentile was presented with a surveillance image of the UNSUBs, he too identified UNSUB#1 as Bryan Febonio, the person to whom he had sold the vehicle.

14. A short while later, Larry Parente, 3 Arnold Road, Peabody, DOB: xx/xx/1956, the owner of Larry's Auto Sales came to the garage. Larry told investigators that he had previous conversations with Gentile relative to Febonio and had advised Gentile to tell the truth. Parente went on to explain Febonio was a family friend and that

he had known him for about forty years. When Parente was shown a surveillance image of the UNSUBs he identified UNSUB#1 as Febonio.

15. On September 22, 2009, Bryan Febonio was arrested on a Criminal Complaint issued by the United States District Court (09-1898-TSH). A search warrant was later executed at the motel room where Febonio was arrested. Seized from the room was a large sum of United States currency (in excess of $10,000), ammunition, clothing similar to that worn by both of the aforementioned robbers, and numerous personal property, including a pill bottle in the name of Michael Peters.

16. During a later interview, Febonio indicated that the other individual involved in the robbery was named Peters. Febonio would not provide the agents or police Peters' first name. Febonio indicated that this individual had the two weapons used in the robbery and was violent and "was quite crazy and is not afraid to die."

17. An individual, identified as ~~Victoria~~ Nicole Bixby, who was with Febonio in the motel room on the night Febonio was arrested (September 22, 2009), indicated that another individual, she knew only as Mike, was with them on Monday, September 21, 2009 (three days after the robbery). She described Mike as a white male, mid 50's with blonde hair, blue eyes, medium height and build. She indicated that Mike had stated, "They have us on the internet, you can stay at the hotel for one more day, and then you have to get out of here." She indicated that Febonio and Mike were discussing the robbery and were watching scenes of the robbery over the internet. She also indicated that there was a lot of money in the room and that Febonio's cut from the robbery was $10,000.

*Nicole*

18. ~~Victoria~~ Bixby was later shown a picture of Michael Peters whom she positively identified as the individual in the motel room with her and Febonio.

19. Based on the foregoing, I believe there is probable cause to believe that on September 18, 2009, Michael J. Peter and Bryan Febonio, did by force and violence, or by intimidation, take from the person and presence of employees of Sovereign Bank, money belonging to and in the care, custody, control, management, and possession of Sovereign Bank, a federally insured financial institution and in doing so did assault or put in jeopardy the life of another person by the use of a dangerous weapon or device in violation all in violation of Title 18, United States Code, Sections 2113(a) and (d).

JOSEPH F. ROSS, TROOPER
MASSACHUSETTS STATE POLICE

SUBSCRIBED and SWORN to before me
this 24th day of September 2009



HONORABLE TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATE JUDGE