

**U.S. Department of Justice**

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 28, 2010

James L. Sultan, Esquire
Sultan and Rankin
141 Merrimac Street, Second Floor
Boston, MA 02114

Re: <u>United States v. Michael J. Peters</u>
Criminal No. 09-CR-10324-GAO

Dear Attorney Sultan:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michael J. Peters ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date but in no event later than June 23, 2010, the Defendant shall plead guilty to the Indictment charging him with Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d). Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crime charged in the Indictment, and is in fact guilty of the offense.

In consideration of Defendant's plea to the instant Indictment and to his entering into this agreement, the Government agrees that it will not bring additional criminal charges against Defendant arising out of the events at the Sovereign Bank in Peabody on September 18, 2009, including, but not limited to, charges under 18 U.S.C. § 922(g) or 18 U.S.C. § 924(c).

2. <u>Penalties</u>

Defendant faces the following maximum penalties on the sole count of the Indictment: incarceration for a period of 25 years; supervised release for a period of 5 years; a fine of $250,000, and

a mandatory special assessment of $100. Defendant is also subject to a restitution order for a total amount of $26,433.00, and forfeiture to the extent charged in the Information.

(3)  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree jointly with respect to the application of the United States Sentencing Guidelines that:

(i) U.S.S.G. § 2B3.1 is the applicable guideline sentencing provision and establishes the base level ("BOL") at 20;

(ii) U.S.S.G. § 2B3.1(b)(1) increases the BOL 2 levels because the property of a financial institution was taken;

(iii) U.S.S.G. § 2B3.1(b)(2)(B) increases the BOL 6 levels because a firearm was used by Defendant during the robbery. Defendant pointed the firearm at bank employees during the robbery; and

(iv) U.S.S.G. § 2B3.1(b)(7)(B) increases the BOL 1 level because the loss amount ($26,433.00) was more than $10,000 but less than $50,000.

(v) The adjusted Offense Level (subtotal) is 29.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney maintains that Defendant's Criminal History Category, as per the Pre-plea Presentence Report, is IV.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

(4)  Sentence Recommendation

The U.S. Attorney and the Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(B) that the following is the appropriate disposition of this case:

    (a)    incarceration of ~~120~~ 108 months.

    (b)    a fine within the Sentencing Guideline range as calculated by the Court at sentencing unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    60 months of supervised release;

    (d)    a mandatory special assessment in the amount of $100;

    (e)    restitution in the amount of $26,433.00, said repayment to commence upon ~~imposition of Defendant's sentence~~ release of BOP custody from;

    (f)    Defendant will stipulate to a violation of his Supervised Release on 03-CR-10319-MLW; and

    (g)    forfeiture as set forth in the Indictment

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than ~~twenty-one days~~ 7 days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least ~~twenty-one days~~ 7 days before sentencing shall be deemed waived.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

4

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

    (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $500.00;

    (b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $100 per month; and

    (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. **Waiver of Right to Appeal and to Bring other Challenge**

    (a) Defendant has conferred with his attorney and understands that he has the right to challenge the conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his conviction in a future proceeding (such as for example, in a collateral challenge pursuant to 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

    (b) In exchange for the Government's concessions in this Plea Agreement, Defendant waives to the full extent of the law, any right to appeal or to

        collaterally attack the conviction and sentence, including any restitution order unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory minimum term, if applicable) recommended by the Government pursuant to this Agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, Defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

   (d)   In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

8. **Other Post-Sentence Events**

   (a)   In the event that Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

   (b)   If notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

   (c)   In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and

a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.  Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10.  Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

11.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13.  Rejection of Plea by Court

7

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.

This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kenneth G. Shine.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG,
Chief, Criminal Division

Kenneth G. Shine
Assistant U.S. Attorney

### ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
MICHAEL J. PETERS
Defendant

_____
Witness

9